IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN W. DWYER, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-19-01272 |
| ALAN ZUCCARI, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On June 22, 2020, the Court referred this case to Magistrate Judge Beth P. Gesner for all discovery and related scheduling. (ECF No. 35.) On August 21, 2020, Judge Gesner issued a Letter Order memorializing an August 19, 2020 discovery call regarding the parties' outstanding discovery disputes. (ECF No. 51.) Pursuant to Judge Gesner's Letter Order, Plaintiff Capital Funding Group, Inc. ("CFG") was ordered to produce certain documents with respect to the source of the funds used to pay various professional liability claim settlements. (*Id.*) On August 31, 2020, CFG filed Objections to the Magistrate Judge's Order Dated August 21, 2020. (ECF No. 53.) On September 9, 2020, Defendant Zuccari filed a response to the Plaintiff's Objections. (ECF No. 59.)

The Court has now reviewed the Magistrate's Order and CFG's objections thereto, and finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's Objections to the Magistrate Judge's Order Dated August 21, 2020 (ECF No. 53) are OVERRULED and the Magistrate Judge Gesner's Order (ECF No. 51) is AFFIRMED.

## BACKGROUND

This case arises from an alleged partnership agreement between Former Plaintiff John W. Dwyer and Defendant Alan J. Zuccari to conduct nursing home businesses using a series of limited liability companies and other entities. (Am. Compl. at ¶ 1, ECF No. 11.) As their business collapsed, Zuccari allegedly failed to remunerate Dwyer for the capital he expended settling a cascade of malpractice claims brought by nursing home residents. (*Id.* at ¶¶ 44-67.) Dwyer and CFG filed this lawsuit to collect from Zuccari a portion of the settlement payments made to those residents.

On June 4, 2019, Defendant Zuccari filed a Motion to Dismiss, arguing that Plaintiff Dwyer lacked standing to assert any claims against Zuccari because "Dwyer did not personally pay any sum or personally incur any loss alleged in this case." (ECF No. 10-1 at 19.) The monies paid to the holding companies in order to fund the personal injury lawsuits "were paid by CFG, and not by Dwyer." (*Id.*) This Court granted in part the Defendant's Motion to Dismiss, holding that Dwyer lacked prudential standing under the shareholder standing rule. (Memorandum Opinion at 18, ECF No. 17.) This rule holds that a lawsuit to recover damages for an injury to a corporation "can be brought only in the name of the corporation . . . and not by an individual stockholder." *Oliveira v. Sugarman*, 451 Md. 208, 240, 152 A.3d 728 (Md. 2017). As a result, this Court ruled that CFG was the proper plaintiff in this suit, not Dwyer, and Dwyer's claims were dismissed. (ECF No. 17 at 19.)

The only remaining claim in this litigation is Count IX, a claim for unjust enrichment by Plaintiff CFG against Zuccari. (ECF No. 17 at 25.) Zuccari filed his Answer to Count IX, in which he asserted several defenses to CFG's unjust enrichment claim, including that the

2

funds allegedly paid out by CFG were not, in fact, CFG funds. (*See* Answer at 1-3, ECF No. 22.) Accordingly, Zuccari's First Set of Interrogatories and First Request for Production of Documents to CFG seek information concerning the payments that CFG claims to have made for Zuccari's benefit in its unjust enrichment claim and the source of the funds for those payments. Specifically, the relevant Discovery Requests include:

1. Interrogatory No. 18: For each Professional Liability Settlement, itemize (by payor, date of payment, form of payment and amount of payment) the source of the funds for the amount(s) paid pursuant to such settlement.

2. Document Request No. 6: Your financial statements (audited or otherwise), balance sheets and/or other statements of assets and liabilities prepared at any time during the time frame January 1, 2014 through the present.

3. Document Request No. 28: All documents which evidence the source(s) of funding from the CFG Payments, including but not limited to, (i) an itemization of funds received by You and dates on which You received such funds, (ii) an identification of each person or entity who provided such funds to You and the dates and amounts of funding provided by each such person or entity and (iii) any agreements or other documents executed by You in connection with Your receipt of such funds.

(*See* ECF No. 59 at 7.)

On August 21, 2020, Judge Gesner held that the Discovery Requests sought information relevant to Zuccari's defenses and directed that CFG respond and produce relevant documents in response to Interrogatory No. 18 and Document Request No. 28, and as to Document Request No. 6, produce CFG's general ledger entries corresponding to wire transfers from CFG to its subsidiaries, including, but not limited to, any funds Dwyer personally transferred to CFG related to payment of the settlements. (*See* ECF No. 51.) The Plaintiff CFG claims that Judge Gesner's ruling is erroneous because the Discovery Requests relate to an issue made irrelevant by the dismissal of Dwyer as a Plaintiff in this lawsuit. (ECF

No. 53 at 1.) Specifically, CFG argues that under the doctrine of judicial estoppel, Zuccari cannot argue that the damages claimed in these proceedings by CFG were actually sustained by Dwyer after taking the opposite position in its Motion to Dismiss. (ECF No. 53 at 7.) Therefore, CFG argues, discovery on the issue of the source of CFG's payments for the professional liability settlements is irrelevant, and Judge Gesner's decision should be overruled. (*Id.*) CFG additionally argues that it should not be required to produce its general ledger, alleging that it is not covered by the plain text of Document Request No. 6. (*Id.* at 9-10.)

## STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, a "pretrial matter not dispositive of a party's claim or defense" may be referred to a magistrate judge for resolution. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Mvuri v. Am. Airlines, Inc.*, 776 F. App'x 810, 810 (4th Cir. 2019) (per curiam). When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party opposes the magistrate judge's order, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2019); *United Bank v. Buckingham*, 301 F. Supp. 3d 547, 551 (D. Md. 2018); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). In performing this review, the court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636.

The clearly erroneous standard does not permit the reviewing court to ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence" or

4

to "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010); *see Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). Instead, a "finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson*, 470 U.S. at 573). An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 1:17-cv-01053 (AJT/TCB), 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (citation omitted).

A magistrate judge's resolution of a discovery dispute is typically accorded substantial deference. *See Stone*, 356 F. Supp. 3d at 511; *see also In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 n.5 (E.D. Va. 2010) (collecting cases). The objecting party carries a heavy burden in persuading a district court to disturb a magistrate judge's ruling on a discovery matter. *See Stone*, 356 F. Supp. 3d at 511; *see also* 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 3069 (3d ed. 2019) (noting that review of a magistrate's discovery ruling "might better be characterized as suitable for an abuse-of-discretion analysis").

## DISCUSSION

This Court finds no error in Judge Gesner's discovery ruling that the Discovery Requests sought information relevant to Zuccari's defenses and that CFG must respond and produce relevant documents with respect to Interrogatory No. 18 and Document Request No. 28. (*See* ECF No. 51.) Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

5

or defense and proportional to the needs of the case . . . ." The party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted. *Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018); *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005). Relevancy has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Revak v. Miller*, 7:18-CV-206-FL, 2020 WL 1164920, at *2 (E.D.N.C. Mar. 9, 2020) (citation omitted); *see Fish v. Air & Liquid Sys. Corp.*, GLR-16-496, 2017 WL 697663, at *2 (D. Md. Feb. 21, 2017) (Copperthite, M.J.); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010).

The information sought by the Discovery Requests is relevant to the defenses pled by Zuccari in his Answer. Zuccari argues that the settlement payments that CFG claims to have made were not made with CFG funds and, therefore, that CFG lacks any actual damages. (*See* Answer at 1-3, ECF No. 22.) CFG does not dispute the fact that the information sought by the Discovery Requests is relevant to these defenses. Instead, CFG argues that Zuccari's defenses are themselves irrelevant because such arguments are prohibited under the doctrine of judicial estoppel. (ECF No. 53 at 7.) This doctrine provides that "[w]hen a party attempts to assert a position that is inconsistent with a prior position that the party has successfully asserted in another court, courts have a number of steps that they may take to prevent such an attempted abuse of the judicial process." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996). CFG claims that Zuccari is now taking a position that is "directly contrary" to that espoused to this Court in his Motion to Dismiss. (ECF No. 53 at 7-9.) As CFG argues:

>  the Discovery Requests seek relevant information necessary to show that the damages claimed in these proceedings by CFG were actually sustained by Dwyer rather than CFG, even though Zuccari took the exact opposite position in his Motion to Dismiss—that the claims belonged to CFG rather than Dwyer because CFG, and not Dwyer, made the payments at issue.

(*Id.* at 7.)

The Plaintiff's argument is unavailing. The question presented by the Plaintiff's Objections to Judge Gesner's Order is not whether Zuccari will ultimately prevail on the defenses he has asserted. The question is whether it was reasonable for Judge Gesner to conclude that discovery concerning the source of funds for CFG's settlement payments is relevant to the defenses that Zuccari has asserted in this case. CFG is free to challenge the validity of the Defendant's asserted defenses in a motion for summary judgment, but the Plaintiff cannot dispose of the such defenses by way of discovery motion. Information related to the Defendant's defenses is relevant under Rule 26.

Additionally, this Court finds no error in Judge Gesner's ruling as to Document Request No. 6 ordering that CFG must produce its general ledger entries corresponding to wire transfers from CFG to its subsidiaries, including, but not limited to, any funds Dwyer personally transferred to CFG related to payment of the settlements. (*See* ECF No. 51.) As noted above, Document Request No. 6 seeks CFG's "financial statements (audited or otherwise), balance sheets and/or other statements of assets and liabilities prepared at any time during the time frame January 1, 2014 through the present." CFG argues that in producing audited financial statements for the specified time period, which include balance sheets showing assets and liabilities, income statements, and statements of stockholder equity, CFG has fully complied with this Request. (ECF No. 53 at 10.) CFG further claims that that

a general ledger is not a financial statement, nor a balance sheet or a statement of assets and liabilities and, therefore, not responsive to the plain language of the request. (*Id.*) However, Zuccari argues that the general ledger is within the scope of Document Request No. 6, as well as Document Request No. 28, which seeks all documents that evidence the source(s) of funding for CFG's settlement payments. (ECF No. 59 at 11.) As explained above, information regarding the sources of the CFG's settlement payments is relevant to the Defendant's case. This Court therefore finds that the general ledger is plainly relevant under Rule 26, and there is no error in Judge Gesner's finding on the issue.

Accordingly, upon consideration of the objections filed by the Plaintiff, it is this 25th day of November, 2020, hereby ORDERED that:

1. Plaintiff's Objections to Magistrate Judge's Order Dated August 21, 2020 (ECF No 53) are OVERRULED;

2. The Magistrate Judge's Order (ECF No. 51) is AFFIRMED;

3. The parties SHALL COMPLY with all discovery orders set forth therein by December 1, 2020.

                                                                                   /s/
                                               HON. RICHARD D. BENNETT
                                               UNITED STATES DISTRICT JUDGE