IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN W. DWYER, *et al*. | * | |
| Plaintiffs, | * | |
| | * | Case No. 1:19-cv-01272-RDB |
| v. | * | |
| ALAN ZUCCARI | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ALAN ZUCCARI'S GENERAL OBJECTIONS TO CAPITAL FUNDING GROUP'S DESIGNATIONS OF TESTIMONY OF DAVID ART & TIMOTHY NICHOLSON**

Defendant Alan Zuccari ("Zuccari"), files the following general objections to Plaintiff Capital Funding Group, Inc.'s ("CFG") designations of the deposition testimony of David Art in both the present action and the prior lawsuit brought by John W. Dwyer against Zuccari in the Circuit Court of Fairfax County (the "Fairfax Case") and the trial testimony of Timothy Nicholson in the Fairfax Case.

Neither Mr. Art nor Mr. Nicholson are parties to the present case.[1] Under Fed. R. Civ. P. 32(a) and Fed. R. Ev. 804, CFG must show that these nonparty witnesses are unavailable at trial and/or the existence of other extraordinary circumstances that would allow the presentation of the transcripts of their earlier testimony in lieu of live testimony. CFG cannot meet this burden.[2] Mr.

---

[1] In the related lawsuit by AJZ Capital, LLC against John W. Dwyer, Brian Reynolds and CSCV Real Estate Holdings, LLC (Case No. 1:19-cv-03632-RDB), the parties have not designated any testimony from either Mr. Art or Mr. Nicholson for use at trial.

[2] Mr. Art is an officer of several businesses in which Zuccari holds ownership interests, but none of those businesses are parties to the above captioned case. And while CFG has argued that Mr. Art is Mr. Zuccari's "agent," there is no contract, testimony or other evidence supporting the

Cameron McEvoy PLLC   4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030   TEL 703.273.8898   FAX 703.273.8897

Art is not unavailable within the meaning of either Fed. R. Civ. P. 32(a) or Fed. R. Ev. 804. To the contrary, CFG has subpoenaed his attendance at trial and Mr. Art will be available, if called, as a witness. CFG has also failed to show that Mr. Nicholson is unavailable. Mr. Nicholson voluntarily appeared to testify at Dwyer's request in the Fairfax lawsuit. In a telephone conference with CFG's counsel last week, Zuccari's counsel asked CFG's counsel to state whether they had made any efforts to procure Mr. Nicholson's availability at trial in the present case (as they had in the Fairfax case). CFG's counsel did not identify any such efforts. Furthermore, although CFG's counsel asserted that Mr. Nicholson was "unavailable" (without stating specifically whether they had asked him to appear at trial), they have not provided Zuccari's counsel with any support for their assertion that he is "unavailable". Finally, CFG has never filed a motion demonstrating the existence of any other exceptional circumstances that would allow for the presentation of the prior deposition testimony of Mr. Art or the testimony of Mr. Nicholson from the Fairfax lawsuit. For these reasons, neither Fed. R. Civ. P. 32(a) nor Fed. R. Ev. 804 allows the presentation of the earlier testimony of Mr. Art or Mr. Nicholson, both of whom are non-parties, at trial.

Zuccari further objects to the admission of the designated testimony of Timothy Nicholson on the grounds that his testimony concerns the February 2016 payment made by Chai Facilities Acquisition Company, LLC to AZJ Capital, LLC to which CFG refers as the "Conditional Payment/Distribution" (*see* Am. Compl., at ¶¶48-54, 67). On August 18, 2021, Zuccari filed a Motion *in Limine* to preclude CFG from presenting evidence and/or argument at trial regarding the "Conditional Payment/Distribution". ECF No. 271. To the extent that Zuccari's Motion *in Limine* is granted, CFG's designations of Mr. Nicholson's trial testimony must be excluded.

---

existence of such an agency relationship between Davit Art and Zuccari personally (particularly not with respect to any of the transactions specifically at issue in this case).

2

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

Cameron/McEvoy PLLC

Respectfully submitted,

ALAN ZUCCARI and
AJZ CAPITAL, LLC
By Counsel


/s/
Timothy J. McEvoy, Esq.
(MD Fed. Bar No. 15292)
Eric S. Waldman, Esq.
(MD Fed. Bar No. 20163)
Edward W. Cameron, Esq.
(admitted *pro hac vice*)
Matthew H. Sorensen, Esq.
(admitted *pro hac vice*)
CAMERON/McEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, VA 22030
Tel: (703) 273-8898
Fax: (703) 273-8897
tmcevoy@cameronmcevoy.com
ewaldman@cameronmcevoy.com
ecameron@cameronmcevoy.com
msorensen@cameronmcevoy.com

Thomas M. Wood IV, Esq.
(MD Fed. Bar No. 00365)
NEUBERGER, QUINN, GIELEN, RUBIN, &
GIBBER, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
tmw@nqgrg.com
410-332-8550 (Main)
410-332-8523 (Direct)
410-332-8561 (Facsimile)

*Counsel for Defendant Alan J. Zuccari in Case No. 1:19-cv-01272-RDB and Plaintiff AJZ Capital, LLC in Case No. 1:19-cv-03632-RDB*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I filed the foregoing using the Court's CM/ECF system, which sent a true and accurate copy to:

Kevin G. Hroblak, Esquire
Gardner M. Duvall, Esquire
Aaron L. Casagrande, Esquire
Michael P. Collins, Jr., Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street, Suite 1500
Baltimore, MD  21202
(410) 347-8700
khroblak@wtplaw.com
gduvall@wtplaw.com
acasagrande@wtplaw.com
mcollins@wtplaw.com
*Counsel for Plaintiffs in Case No. 1:19-cv-01272-RDB*
*and Defendants in Case No. 1:19-cv-03632-RDB*

/s/_____
Eric S. Waldman

Cameron McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898   FAX 703.273.8897

4